133 Nev., Advance Opinion 34

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, A DELAWARE LIMITED LIABILITY COMPANY, Appellant, vs. SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY, Respondent. | No. 69400 |



FILED

JUN 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order granting a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Reversed and remanded.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno; Akerman LLP and Darren T. Brenner, Allison R. Schmidt, and Ariel E. Stern, Las Vegas,
for Appellant.

Kim Gilbert Ebron and Jacqueline A. Gilbert, Howard C. Kim, and Zachary D. Clayton, Las Vegas,
for Respondent.

Fennemore Craig P.C. and Leslie L. Bryan-Hart and John D. Tennert, Reno; Arnold & Porter Kaye Scholer LLP and Michael A.F. Johnson, Washington, D.C.,
for Amicus Curiae.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

Fannie Mae and Freddie Mac are government-sponsored entities that purchase and securitize residential mortgages. On

17-20701

September 6, 2008, the Director of the Federal Housing Finance Agency (FHFA) placed Fannie Mae and Freddie Mac (hereinafter, the regulated entities) into conservatorships. As conservator, the FHFA is authorized to take over and preserve the assets of the regulated entities. Under federal law, when the FHFA is acting as conservator, its property is not subject to "levy, attachment, garnishment, foreclosure, or sale" without its consent, "nor shall any involuntary lien attach" to the property. 12 U.S.C. § 4617(j)(3) (2012) (hereinafter, the Federal Foreclosure Bar).

In this appeal, we must determine whether the servicer of a loan owned by a regulated entity has standing to assert the Federal Foreclosure Bar in a quiet title action. We answer in the affirmative. Because the district court did not determine whether a regulated entity owned the loan in this matter, we reverse the district court's order and remand the matter for further proceedings consistent with this opinion.

*FACTS AND PROCEDURAL HISTORY*

Nonparty Ignacio Gutierrez took out a $271,638 loan with lender KB Home Mortgage Company (KB) to purchase property located in Henderson, Nevada. KB's loan was secured by a deed of trust on the property, and the property was governed by a homeowners' association's (HOA) covenants, conditions, and restrictions. The deed of trust designated Mortgage Electronic Registration Systems, Inc. (MERS) as a beneficiary and as a nominee for KB and KB's successors and assigns. Subsequently, MERS assigned the deed of trust to nonparty Bank of America, N.A., who then assigned the deed of trust to appellant Nationstar Mortgage, LLC (Nationstar).

Eventually, Gutierrez failed to pay his HOA dues, and the HOA foreclosed on the property. Respondent SFR Investments Pool 1, LLC (SFR) purchased the property at the foreclosure sale for $11,000.

Gutierrez filed suit against SFR, and SFR filed a third-party complaint against Nationstar. However, the district court ultimately dismissed Gutierrez's action after Gutierrez stipulated that his interest in the property was extinguished by the foreclosure sale, and that he would not contest the validity of the foreclosure deed.

Thereafter, SFR and Nationstar filed motions for summary judgment on SFR's third-party complaint. SFR argued, among other things, that Nationstar's security interest was extinguished by the foreclosure sale pursuant to this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014). Nationstar argued that its security interest survived the sale pursuant to the Federal Foreclosure Bar. Specifically, Nationstar claimed (1) Freddie Mac had purchased the loan, (2) the FHFA had placed Freddie Mac under conservatorship prior to the HOA's sale, (3) the FHFA's property was not subject to foreclosure or sale without its consent pursuant to the Federal Foreclosure Bar, (4) the FHFA had issued a statement on its website declaring that it had not consented to the extinguishment of any Freddie Mac lien or other property interest in connection with HOA foreclosures, and (5) the Federal Foreclosure Bar therefore preempted NRS Chapter 116 to the extent state law would have extinguished the FHFA's security interest.

The district court acknowledged that there was "a dispute as to whether Freddie Mac or [the] FHFA [had] an interest in the Deed of Trust"; however, the district court declined to address this factual dispute because it believed Nationstar lacked standing to assert the Federal Foreclosure Bar on behalf of Freddie Mac or the FHFA. Given that decision and because neither Freddie Mac nor the FHFA were parties to the action, the district court declined to address whether the Federal

Foreclosure Bar preempted NRS Chapter 116. Therefore, the district court denied Nationstar's motion for summary judgment and granted SFR's motion for summary judgment. Nationstar now appeals the district court's order.

## DISCUSSION

On appeal, Nationstar argues that it has standing to assert the Federal Foreclosure Bar on the FHFA's behalf as its contractually authorized agent and servicer.[1] SFR contends Nationstar lacks standing to assert the Federal Foreclosure Bar because (1) the Housing and Economic Recovery Act of 2008 (HERA) exclusively authorizes the FHFA to enforce the Federal Foreclosure Bar; and (2) *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. ___, 135 S. Ct. 1378 (2015), states that private litigants may not use the Supremacy Clause to displace state law. We hold that neither HERA nor *Armstrong* prohibit the servicer of a loan owned by a regulated entity from arguing the Federal Foreclosure Bar

---

[1]Nationstar also argues that (1) the HOA did not provide it notice of the foreclosure sale in violation of its due process rights, and (2) the HOA's foreclosure sale was not commercially reasonable. As to the former, we reject Nationstar's argument according to our decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970, 974 (2017) (holding that "Nevada's superpriority lien statutes do not implicate due process").

As to the latter, the district court's order was issued prior to this court's decision in *Shadow Wood Homeowner's Ass'n Inc. v. N.Y. Community Bancorp Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105 (2016). As such, it is unclear whether the district court recognized that Nationstar's claim was equitable in nature, or that the foreclosure deed's recitals did not prohibit Nationstar from introducing evidence to support its equitable claim. Although the district court may reach the same result, we conclude that remand is appropriate so that the district court may consider Nationstar's equitable argument in light of *Shadow Wood*.

preempts NRS 116.3116. Therefore, we reverse the district court's order and remand the matter for further proceedings.

"Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). To have standing, "the party seeking relief [must have] a sufficient interest in the litigation," so as to ensure "the litigant will vigorously and effectively present his or her case against an adverse party." *Schwartz v. Lopez*, 132 Nev., Adv. Op. 73, 382 P.3d 886, 894 (2016). We have previously stated that "[a] mortgage may be enforced only by, *or in behalf of*, a person who is entitled to enforce the obligation the mortgage secures." *In re Montierth*, 131 Nev., Adv. Op. 55, 354 P.3d 648, 651 (2015) (emphasis added) (quoting Restatement (Third) of Prop.: Mortgages § 5.4(c) (1997)). A loan servicer administers a mortgage on behalf of the loan owner, and the rights and obligations of the loan servicer are typically established in a servicing agreement. Jason H.P. Kravitt & Robert E. Gordon, *Securitization of Financial Assets* § 16.05 (3d ed. 2012).

As such, several courts have recognized that a contractually authorized loan servicer is entitled to take action to protect the loan owner's interests. *See, e.g., J.E. Robert Co., Inc. v. Signature Prop.'s, LLC*, 71 A.3d 492, 504 (Conn. 2013) (holding "a loan servicer need not be the owner or holder of the note and mortgage in order to have standing to bring a foreclosure action if it otherwise has established the right to enforce those instruments"); *see also BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 905 (S.D. Tex. 2012) (holding a servicer had standing to bring a lawsuit to administer a loan when the Pooling and Servicing Agreement granted the servicer "a percentage of the proceeds of the loans it services and [the] defendants'

alleged actions deprived [the servicer] of the opportunity to maximize recovery of those proceeds").

However, SFR contends that HERA permits only the FHFA to enforce the Federal Foreclosure Bar. In particular, HERA states that "[t]he Agency may, as conservator, take such action as may be . . . appropriate to carry on the business of the regulated entity and preserve and conserve the assets and property of the regulated entity." 12 U.S.C. § 4617(b)(2)(D) (2012).

We must afford the statute its plain meaning if its language is clear and unambiguous. *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009); *see also D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). The statute's plain language empowers the FHFA to "take such action" as it deems necessary to carry on the business of Freddie Mac. The phrase "such action" is broad and may encompass (1) contracting with private entities to service its loans, or (2) relying on Freddie Mac's existing contractual relationships with authorized servicers. Indeed, another provision of HERA states that the FHFA may "provide by contract for assistance in fulfilling any function, activity, action, or duty of the Agency as conservator or receiver." 12 U.S.C. § 4617(b)(2)(B)(v).

SFR also contends that 12 C.F.R. § 1237.3(a)(7) (2013) supports its interpretation of HERA. This regulation states that the FHFA may "[p]reserve and conserve the assets and property of the regulated entity (*including the exclusive authority to investigate and prosecute claims of any type on behalf of the regulated entity*, or to delegate to management of the regulated entity the authority to investigate and prosecute claims)." 12 C.F.R. § 1237.3(a)(7) (emphasis added). However, this same regulation also envisions that the FHFA will seek the assistance of third parties in administering a regulated entity's loans. *See* 12 C.F.R.

§ 1237.3(a)(8) (reiterating 12 U.S.C. § 4617(b)(2)(B)(v)). As such, HERA explicitly allows the FHFA to authorize a loan servicer to administer FHFA loans on FHFA's behalf.

Finally, we conclude that SFR's reliance on *Armstrong* is misplaced. In *Armstrong*, the United States Supreme Court held that the Supremacy Clause did not create a cause of action, and therefore, private individuals do not have an implied right to sue state officials for perceived violations of federal law. 575 U.S. at ___, 135 S. Ct. at 1383-84. However, the Court clarified: "To say that the Supremacy Clause does not confer a right of action is not to diminish the significant role that courts play in assuring the supremacy of federal law. *For once a case or controversy properly comes before a court, judges are bound by federal law.*" *Armstrong*, 575 U.S. at ___, 135 S. Ct. at 1384 (emphasis added).

Here, Nationstar is not attempting to use the Supremacy Clause to assert a cause of action against SFR. Rather, SFR asserted a quiet title claim against Nationstar, and Nationstar has merely argued that Freddie Mac's property is not subject to foreclosure while it is in conservatorship under federal law. Neither party has argued that SFR's quiet title claim was not properly before the district court. Therefore, *Armstrong* is not implicated in this matter.

This conclusion is consistent with this court's precedent, in which we have implicitly recognized that private parties may argue federal law preempts state law. *See, e.g., Munoz v. Branch Banking & Trust Co., Inc.*, 131 Nev., Adv. Op. 23, 348 P.3d 689, 690 (2015) (holding that NRS 40.459 was preempted by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), notwithstanding the fact that the Federal Deposit Insurance Corporation (FDIC) was not a party to the case). Likewise, federal district courts have recognized that

private parties may raise preemption arguments in related contexts. *See,* *e.g., Beal Bank, SSB v. Nassau Cty.,* 973 F. Supp. 130, 133-34 (E.D.N.Y. 1997) (holding that FIRREA's version of the Federal Foreclosure Bar rendered a foreclosure sale invalid, even though the FDIC was not a party to the litigation). Therefore, we hold that the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116, and that neither Freddie Mac nor the FHFA need be joined as a party.

However, the district court did not determine whether Freddie Mac owned the loan in question, or whether Nationstar had a contract with Freddie Mac or the FHFA to service the loan in question. Rather, the district court held that Nationstar lacked standing in either case. Therefore, we conclude that remand is appropriate so the district court may address these factual inquiries in the first instance.[2] *See Liu v. Christopher Homes, LLC,* 130 Nev., Adv. Op. 17, 321 P.3d 875, 881 (2014) (stating this court does not resolve factual matters that the district court declined to reach). If the district court concludes on remand that Nationstar has standing to assert the Federal Foreclosure Bar, then it should determine whether the Federal Foreclosure Bar preempts NRS 116.3116.[3]

---

[2]Nationstar argues that a deposition shows Freddie Mac owns the loan in question. Although the parties dispute this point on appeal, it appears the district court did not consider this evidence, as it declined to reach the issue.

[3]Because the district court did not address the merits of Nationstar's preemption argument, and the parties have not briefed this issue on appeal, we decline to address it at this time.

## CONCLUSION

We hold that the servicer of a loan owned by a regulated entity has standing to argue that the Federal Foreclosure Bar preempts NRS 116.3116. However, the district court did not determine whether Nationstar is such a servicer. In addition, the district court erroneously held that Nationstar could not introduce evidence to support its equitable claim if such evidence negated the foreclosure deed's recitals. Accordingly, we reverse the district court's order and remand the matter for further proceedings consistent with this opinion.

_____, J.
Parraguirre

We concur:

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

Supreme Court
OF
Nevada

(O) 1947A

STIGLICH, J., concurring:

I agree with the majority's conclusion that the servicer of a loan owned by a regulated entity has standing to assert the Federal Foreclosure Bar in a quiet title action. I write separately because I believe that the district court may have erred in finding a factual dispute regarding whether Freddie Mac or the FHFA had an interest in the deed of trust.

"Summary judgment is appropriate" when, viewed "in a light most favorable to the nonmoving party," the pleadings and other evidence demonstrate no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. *Wood v. Safeway*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). To avoid the entry of summary judgment, the nonmoving party may not rest on general allegations or conclusions, but "must, by affidavit or otherwise, set forth specific facts demonstrating the existence of a genuine issue for trial." *Id.* at 732, 121 P.3d at 1031 (internal quotation marks omitted).

In this case, Nationstar presented deposition testimony from a witness, pursuant to NRCP 30(b)(6), who testified that Freddie Mac was the owner of the note at issue, and that Nationstar was the servicer of the loan. SFR argued that these assertions were incorrect. However, beyond this blanket denial, SFR presented no evidence to dispute Nationstar's allegations. Notably, argument is not evidence. Given SFR's failure to present any actual evidence to support its position, I would instruct the

district court to consider on remand whether Nationstar was entitled to summary judgment on the issue of Freddie Mac's ownership and Nationstar's contract to service the loan.

Therefore, I concur.

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A